UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brandon Cortez Myers, | ) | C/A No. 4:15-cv-01508-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Investigator Jennifer Floyd, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

At the time he submitted the Complaint under review, Brandon Cortez Myers ("Plaintiff") was detained at the Florence County Detention Center. Compl. 2, ECF No. 1. He alleges that Defendant Floyd, "fabricated and concealed statements" and conducted a "one-sided and prejudice" investigation, *id.* at 3, in order to obtain arrest warrants against him for first-degree burglary, and assault with intent to commit criminal sexual conduct in the first degree, and malicious injury to property. Plaintiff asserts that the charges now pending against him are "wrong" in light of what he alleges happened between him and a former girlfriend during "an argument where a phone was broken." *Id.* at 3-4. Plaintiff contends Defendant violated his federal constitutional rights by having him arrested, detained, and given an "excessive" bond,

and that she caused him emotional distress and trauma and defamed him. *Id*. at 4-5. Plaintiff asks this court to award him $80,000.00 in damages and for an order that Defendant be placed "under evaluation and [that] a SLED investigation [be] done." *Id*. at 5.

II.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Liberally construed, Plaintiff's allegations against Defendant, arising from her investigation leading to his arrest, detention, and prosecution in state court in Florence County raise claims of unreasonable seizure/malicious prosecution under the Fourth Amendment to the United States Constitution and are properly raised in this court pursuant to 42 U.S.C. § 1983.[1] Although there is no independent cause of action for malicious prosecution under § 1983, the Fourth Circuit Court of Appeals has ruled that a "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000). The same court has held that for a plaintiff to state a plausible § 1983 malicious-prosecution claim for an unreasonable seizure of his person in violation of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause *and . . . the criminal proceedings [must have] terminated in [plaintiff's] favor.*" *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996)

---

[1] Although Plaintiff alleges that Defendant violated his rights under the Eighth and Ninth Amendments ("Articles VIII and IX which is prevention of cruel and unusual punishment . . . ."), ECF No. 1 at 4, his factual allegations do not support such claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (A properly pleaded complaint must offer more than "'naked assertions' devoid of 'further factual enhancement.'") (brackets omitted). In any event, Eighth Amendment protections begin *after* a person is convicted of a crime, but Plaintiff has not yet been convicted on the charges lodged against him. *See Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir.1997) ("The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one convicted of a crime."); *see also United States v. Lovett*, 328 U.S. 303, 317-318 (1946) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."). Also, it has been held that "the Ninth Amendment is 'a rule of construction, not one that protects any specific right,' and so '[n]o independent constitutional protection is recognized which derives from the Ninth Amendment and which may support a § 1983 cause of action." *Diaz v. City of N.Y.*, No. 99-CV-2944, 2006 WL 3833164, at *7 (E.D.N.Y. Dec.29, 2006); *see Dyson v. Le'Chris Health Sys.*, No. 4:13-CV-224-BO, 2015 WL 134360 (E.D.N.C. Jan. 9, 2015) (concluding that a § 1983 claim based on the Ninth Amendment fails to state a claim).

(emphasis added). Unlike Fourth Amendment false-arrest claims, to which the United States Supreme Court opinion in *Heck* v. *Humphrey*, 512 U.S. 477 (1994), is not applicable for reasons stated in *Wallace v. Kato*, 549 U.S. 384, 394 (2007),[2] malicious-prosecution-type constitutional claims raised by a pretrial detainee are still governed by *Heck* and the so-called "favorable termination rule." The author of the *Wallace* opinion, Justice Scalia, specifically exempted malicious-prosecution-type Fourth Amendment seizure claims from the coverage of his *Wallace* opinion. 549 U.S. at 387 n.1, 390 n.2; *accord Jovanovic v. City of New York,* No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y. Feb.7, 2008) (holding in *Wallace v. Kato* applies only to claims of false arrest and holding in *Heck v. Humphrey* still applies to claims of malicious prosecution); *see also Brown v. Gardner*, No. 3:14-4635-TMC, 2015 WL 893344 (D.S.C. March 3, 2015); *Covington v. Turner*, No.1:12-2271-SB-SVH, 2012 WL 6615222, at *3 (Nov. 14, 2012), *report adopted*, 2012 WL 6616236 (D.S.C. Dec. 19, 2012); *Robinson v. Horry Cnty. Police Dep't*, No.4:10-cv-02732-RBH-SVH, 2010 WL 4922660, at *2 (Nov. 2, 2010), *report adopted*, 2010 WL 4922655 (D.S.C. Nov. 29, 2010). As such, because his allegations, if true, would invalidate the criminal charges now pending against him, Plaintiff's Fourth Amendment claims are barred until such time as the pending charges are disposed of in a manner favorable to Plaintiff, either through a pre-conviction dismissal of the charges, an acquittal, or by way of a successful post-conviction proceeding such as appeal, post-conviction relief, or federal writ of habeas corpus. *See Heck,* 512 U.S. at 486-87; *McCormick v. Wright,* No. 2:10-00033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element

---

[2] Plaintiff's allegations do not raise a false-arrest claim because Plaintiff indicates that his arrest was based on one or more arrest warrants, ECF No. 1 at 3, 4, 5, and there are no allegations that the warrant or warrants were facially invalid, *Dorn v. Town of Prosperity*, 375 F. App'x 284, 288 (4th Cir. 2010) (no false arrest in South Carolina where facially valid warrant issues).

that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

It is unclear from the Complaint whether Plaintiff unsuccessfully pursued any motions to dismiss, to suppress evidence or statements, or for other relief in state court based on Defendant's alleged wrongdoing, but he can do so because such matters are for the state court to rule on while his case is pending. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) (federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding). However, because Plaintiff's allegations of wrongdoing by an investigator affiliated with Florence County, if true, would necessarily invalidate any conviction that might ultimately be obtained against him, under *Heck v. Humphrey*, until those charges are dismissed, he is acquitted, or he successfully overturns any conviction that might result in the state case, he cannot sue Defendant for damages based on her involvement in his pending criminal prosecution.

IV.    Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

Kaymani D. West

April 16, 2015                                    Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).