IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Cortez Myers, ) | Civil Action No.: 4:15-cv-1508-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| Investigator Jennifer Floyd, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Brandon Cortez Myers ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action on April 6, 2015. This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On April 16, 2015, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice and without service of process, finding that Plaintiff's claims fail as a matter of law. (ECF No. 10 at 3–5.) Plaintiff filed a timely objection to the Report. (ECF No. 12.) He objects that the Magistrate Judge misconstrued the allegations made in the Complaint; however, Plaintiff provides little clarification of what claims he is attempting to make. (*Id.*)

The Magistrate Judge makes only a recommendation to the District Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the District Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or

1

modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

It is clear from a *de novo* review of Plaintiff's objections that he misunderstands the cause of action for malicious prosecution under § 1983. The Magistrate Judge liberally construed the Complaint to allege claims of unreasonable seizure/malicious prosecution under the Fourth Amendment based on Plaintiff's allegations, *inter alia*, that the charges pending against him are "wrong." (ECF No. 10 at 1–3); *see Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000) ("[T]he malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort."). In his objections, Plaintiff

2

continues to assert that "the charges were too harsh and wrong," but also argues that he "never stated in [his] complaint that the defendant didn't have probable cause." (ECF No. 12.) He further asserts that "[k]eeping me in jail out of fear that I am dangerous violates my Eighth Amendment." (*Id.*) Notably, Plaintiff does not allege any new facts that have not yet been considered by the Magistrate Judge.

Indeed, the Court finds that the Magistrate Judge correctly construed the allegations to bring a claim for unreasonable seizure/malicious prosecution under the Fourth Amendment and further correctly found such a claim failed because the criminal proceedings have not terminated in Plaintiff's favor. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 183–84 (4th Cir. 1996) (finding that for a plaintiff to state a plausible unreasonable seizure/malicious prosecution claim under the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in [plaintiff's] favor"); *see also, e.g., Brown v. Gardner*, No. 3:14-4635-TMC, 2015 WL 893344, at *5–*6 (D.S.C. Mar. 3, 2015) (summarily dismissing malicious prosecution claim, finding that "a right of action has not accrued" because the criminal proceedings have not terminated in the plaintiff's favor). In addition, the Magistrate Judge correctly found that Plaintiff's allegations did not support an Eighth Amendment claim, noting that Plaintiff was not subject to any Eighth Amendment protections because he had not yet been convicted on the charges lodged against him. (ECF No. 10 at 3 n.1 (citing, e.g., *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) ("The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one convicted of a crime.").)

3

Accordingly, the Court accepts the Magistrate Judge's recommendation and overrules Plaintiff's objections. This action is therefore DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

<u>/s/Bruce Howe Hendricks</u>
United States District Judge

July 6, 2016
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.